[Crim. No. 15877.   Second Dist., Div. One.   Mar. 12, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT
LEONEL PELOQUIN, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ivan M. Hoffman, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from an order denying a motion for a new trial and an attempted appeal from "the judgment."

In an information filed in Los Angeles on April 3, 1968, Robert Peloquin and Harold Davis were jointly charged with possessing heroin on March 14, 1968. Each defendant pleaded not guilty. It was stipulated that the cause be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, each side reserving the right to offer additional evidence. Each defendant was found guilty as charged, on June 25, 1968. On July 19, 1968, Peloquin made a motion for a new trial and the same was denied. It appeared to the court at that time that Peloquin was addicted or by reason of repeated use of narcotics was in danger of becoming addicted to narcotics. Criminal proceedings were adjourned and a proper petition was ordered to be filed in Department 95 pursuant to the provisions of section 3051 of the Welfare and Institutions Code. It was further ordered that if Peloquin was not accepted the cause would come on for disposition on August 9, 1968. Peloquin filed his notice of appeal on July 19, 1968, from a supposed judgment of conviction and the order denying his motion for a new trial.

On August 1, 1968, in case No. A230963 Peloquin was committed to the California Rehabilitation Center by order in Department 95.

A résumé of some of the facts is as follows: at about 2 a.m. March 14, 1968, Officers Thorne and Nishimura drove into a parking lot at 2024 North Ivar in the Hollywood district of Los Angeles. The parking lot was in the rear of a condemned building which on occasion was occupied by "hippies" for sleeping. The headlights of the police car shone upon Peloquin and Davis who were standing at the rear of the lot between

two cars. They were standing facing each other about three feet apart. When the officers were about 20 feet from defendants, Peloquin handed an object to Davis. Davis had something white in his hand. The policemen then identified themselves as officers. Davis turned away and started to walk around the front of one of the parked cars. He was told to stop but he continued to walk to the opposite side of the parked car. Thorne noticed that Davis dropped something from his hand. Thorne retrieved a plunger from an eyedropper and a bottle cap, each of such items being equipment used in the injection of heroin. Thorne retraced the steps of Davis around the parked car and discovered two white paper bindles in the ivy (it was stipulated that the bindles contained heroin). The white paper containers were dry although the ivy and the ground cover in the area were wet from a previous rain. Davis appeared to be under the influence of drugs—his eyes were pinpointed, his gait staggered, his speech slurred and his coordination very poor. There was a fresh needle mark near Davis' elbow.

Appellant contends that the evidence was insufficient to support the conviction. There is no merit to the contention.

Under section 1237, subd. 1, of the Penal Code as it now exists (effective November 13, 1968) a commitment is deemed a final judgment. The commitment in this case was made on August 1, 1968, and at that time the appeal, if any, was from the order denying a motion for a new trial. We dismiss the attempted appeal from the nonexistent judgment.

The totality of the circumstances in this case were sufficiently enlightening to have enabled the judge reasonably to conclude that appellant was in joint possession of the heroin found by the officer.

It is not necessary that an accused be shown to have had exclusive possession of the contraband narcotics. In other words, two or more persons may be so closely associated in the handling of a narcotic that their possession of it may be deemed joint. (See *People* v. *Rodriquez,* 181 Cal.App.2d 34, 37 [4 Cal.Rptr. 877].) If the accused exercised dominion and control over the drug with knowledge both of its presence and of its narcotic character enough is established to constitute unlawful possession. These elements may be established by circumstantial evidence and inferences drawn therefrom. (See *People* v. Roberts, 228 Cal.App.2d 722, 726 [39 Cal.Rptr. 843].) In the case under consideration the meeting occurred

at 2 a.m. in a deserted parking lot, appellant passed an object to Davis, Davis was then seen to be holding something white in his hand; Davis, upon seeing the officers, furtively moved around one of the parked cars and was seen to drop something. In that immediate area the officers then found two bindles of heroin, a plunger from an eyedropper and a bottle cap—and Davis who was under the influence of narcotics, had a fresh needle mark in his arm. Perhaps taken alone, none of the circumstances was in itself sufficient to support the conviction, but taken together they were. (See *People* v. *Roberts, supra,* at p. 728.)

The order denying the motion for a new trial is affirmed.

The attempted appeal from the nonexistent judgment of conviction is dismissed.

Wood, P. J., and Lillie, J., concurred.